## STATE v. ROOSEVELT BARTON.

(Filed 4 June, 1958.)

**Homicide § 25—**

Evidence that defendant intentionally shot the deceased with a deadly weapon, thereby proximately causing his death, raises the presumption that the killing was unlawful and was with malice, and is sufficient to warrant and support a verdict of guilty of murder in the second degree.

APPEAL by defendant from *Nimocks, J.*, October Criminal Term, 1957, of ROBESON.

Criminal prosecution for the murder of John H. Blanks, also known as Jackie Lowry.

The solicitor announced that the State would not ask for a verdict of guilty of murder in the first degree, but would ask for a verdict of guilty of second degree murder.

Upon the verdict, "Guilty of Second Degree Murder," judgment, imposing a prison sentence, was pronounced, from which defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General Bruton for the State.*

*Hackett & Weinstein for defendant, appellant.*

PER CURIAM. Defendant's only assignment of error is that the court erred in overruling his motion for judgment of nonsuit.

The only evidence was that offered by the State, which included plenary evidence that defendant *intentionally* shot the deceased with a deadly weapon, to wit, a 32 pistol, and thereby proximately caused his death; and, if the jury found the facts to be as this evidence tended to show, presumptions that the killing (1) was unlawful, and (2) was with malice, arose. *S. v. Mangum*, 245 N.C. 323, 96 S.E. 2d 39, and cases cited. Since this evidence was sufficient to warrant and support a verdict of guilty of murder in the second degree, defendant's motion for judgment of nonsuit was properly overruled.

No error.